1
2
3
4
5
6
7
8
9
10
11

CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

12
13
14
15
16
17
18
19

| | |
|---|---|
| **Scott Johnson**, <br><br> Plaintiff, <br><br> v. <br><br> **Warehouse Way Associates, LTD. I,** a California Limited Partnership; **M & S Racing Products,** a California Corporation; and Does 1-10, <br><br> Defendants. | **Case No**. <br><br> **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |

20
21
22
23
24

Plaintiff Scott Johnson complains of Defendants Warehouse Way Associates, LTD. I, a California Limited Partnership; M & S Racing Products, a California Corporation; and Does 1-10 ("Defendants"), and alleges as follows:

25
26

**PARTIES:**

27
28

1.   Plaintiff is a California resident with physical disabilities. Plaintiff is a level C-5 quadriplegic. He cannot walk and also has significant manual

Complaint

dexterity impairments. He uses a wheelchair for mobility and has a specially equipped van.

2. Defendant Warehouse Way Associates, LTD. I owned the real property located at or about 5600 Warehouse Way, Sacramento, California, in June 2016.

3. Defendant Warehouse Way Associates, LTD. I owned the real property located at or about 5600 Warehouse Way, Sacramento, California, in July 2016.

4. Defendant Warehouse Way Associates, LTD. I owned the real property located at or about 5600 Warehouse Way, Sacramento, California, in August 2016.

5. Defendant Warehouse Way Associates, LTD. I owned the real property located at or about 5600 Warehouse Way, Sacramento, California, in September 2016.

6. Defendant Warehouse Way Associates, LTD. I owned the real property located at or about 5600 Warehouse Way, Sacramento, California, in October 2016.

7. Defendant Warehouse Way Associates, LTD. I owned the real property located at or about 5600 Warehouse Way, Sacramento, California, in November 2016.

8. Defendant Warehouse Way Associates, LTD. I owns the real property located at or about 5600 Warehouse Way, Sacramento, California, currently.

9. Defendant M & S Racing Products owned the M & S Automotive located at or about 5600 Warehouse Way, Sacramento, California, in June 2016.

10. Defendant M & S Racing Products owned the M & S Automotive located at or about 5600 Warehouse Way, Sacramento, California, in July 2016.

11. Defendant M & S Racing Products owned the M & S Automotive located at or about 5600 Warehouse Way, Sacramento, California, in August 2016.

2

Complaint

12. Defendant M & S Racing Products owned the M & S Automotive located at or about 5600 Warehouse Way, Sacramento, California, in September 2016.

13. Defendant M & S Racing Products owned the M & S Automotive located at or about 5600 Warehouse Way, Sacramento, California, in October 2016.

14. Defendant M & S Racing Products owned the M & S Automotive located at or about 5600 Warehouse Way, Sacramento, California, in November 2016.

15. Defendant M & S Racing Products owns the M & S Automotive ("M & S Automotive") located at or about 5600 Warehouse Way, Sacramento, California, currently.

16. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

17. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

18. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of

3

Complaint

1   the same transactions, is also brought under California's Unruh Civil Rights

2   Act, which act expressly incorporates the Americans with Disabilities Act.

3      19. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is

4   founded on the fact that the real property which is the subject of this action is

5   located in this district and that Plaintiff's cause of action arose in this district.

6

7   **FACTUAL ALLEGATIONS:**

8      20. Plaintiff has gone to M & S Automotive on a number of occasions during

9   the relevant statutory period, including June 2016, July 2016, August 2016,

10  September 2016, October 2016 and November 2016. Plaintiff went there for

11  car repair estimates.

12     21. M & S Automotive is a facility open to the public, a place of public

13  accommodation, and a business establishment.

14     22. Parking spaces are one of the facilities, privileges, and advantages

15  offered by Defendants to patrons of M & S Automotive.

16     23. However, there were no parking spaces marked and reserved for

17  persons with disabilities during any of plaintiff's visits.

18     24. Currently, there is not a single parking space marked and reserved for

19  persons with disabilities.

20     25. Transaction counters are another one of the facilities, privileges, and

21  advantages offered by Defendants to patrons of M & S Automotive.

22     26. The transaction counter at M & S Automotive was more than 36 inches

23  in height.

24     27. There was no lowered, 36-inch or lower portion of the transaction

25  counter at M & S Automotive for use by persons with disabilities during any of

26  plaintiff's visits.

27     28. Currently, the transaction counter at M & S Automotive is more than 36

28  inches in height.

4

Complaint

29. Currently, there is no lowered, 36-inch or lower portion of the transaction counter at M & S Automotive for use by persons with disabilities.

30. The barriers existed during each of plaintiff's visits in 2016.

31. The plaintiff lives in the Sacramento area and shops in the area on a regular and ongoing basis. He went for a car repair estimate at M & S Automotive in August 2016 and encountered the barriers. He visited M & S Automotive on five other occasions but was deterred from going inside.

32. Plaintiff visited M & S Automotive once in June 2016.

33. Plaintiff visited M & S Automotive once in July 2016.

34. Plaintiff visited M & S Automotive once in August 2016.

35. Plaintiff visited M & S Automotive once in September 2016.

36. Plaintiff visited M & S Automotive once in October 2016.

37. Plaintiff visited M & S Automotive once in November 2016.

38. These barriers caused Plaintiff difficulty and frustration.

39. Plaintiff would like to return and patronize M & S Automotive but will be deterred from visiting until the defendants cure the violations.

40. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

41. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

42. Plaintiff is and has been deterred from returning and patronizing M & S Automotive because of his knowledge of the illegal barriers that exist. Plaintiff will, nonetheless, return to assess ongoing compliance with the ADA and will

Complaint

1   return to patronize M & S Automotive as a customer once the barriers are
2   removed.

3       43. Given the obvious and blatant violation, the plaintiff alleges, on
4   information and belief, that there are other violations and barriers on the site
5   that relate to his disability. Plaintiff will amend the complaint, to provide
6   proper notice regarding the scope of this lawsuit, once he conducts a site
7   inspection. However, please be on notice that the plaintiff seeks to have all
8   barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034
9   (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site,
10  he can sue to have all barriers that relate to his disability removed regardless of
11  whether he personally encountered them).

12      44. Additionally, on information and belief, the plaintiff alleges that the
13  failure to remove these barriers was intentional because: (1) these particular
14  barriers are intuitive and obvious; (2) the defendants exercised control and
15  dominion over the conditions at this location and, therefore, the lack of
16  accessible facilities was not an "accident" because had the defendants
17  intended any other configuration, they had the means and ability to make the
18  change.

19

20  **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**
21  **WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all
22  Defendants.) (42  U.S.C. section 12101, et seq.)

23      45. Plaintiff re-pleads and incorporates by reference, as if fully set forth
24  again herein, the allegations contained in all prior paragraphs of this
25  complaint.

26      46. Under the ADA, it is an act of discrimination to fail to ensure that the
27  privileges, advantages, accommodations, facilities, goods and services of any
28  place of public accommodation is offered on a full and equal basis by anyone

Complaint

1   who owns, leases, or operates a place of public accommodation. See 42 U.S.C.

2   § 12182(a). Discrimination is defined, inter alia, as follows:

3          a.   A failure to make reasonable modifications in policies, practices,

4               or procedures, when such modifications are necessary to afford

5               goods, services, facilities, privileges, advantages, or

6               accommodations to individuals with disabilities, unless the

7               accommodation would work a fundamental alteration of those

8               services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

9          b.   A failure to remove architectural barriers where such removal is

10              readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are

11              defined by reference to the ADAAG, found at 28 C.F.R., Part 36,

12              Appendix "D."

13         c.   A failure to make alterations in such a manner that, to the

14              maximum extent feasible, the altered portions of the facility are

15              readily accessible to and usable by individuals with disabilities,

16              including individuals who use wheelchairs or to ensure that, to the

17              maximum extent feasible, the path of travel to the altered area and

18              the bathrooms, telephones, and drinking fountains serving the

19              altered area, are readily accessible to and usable by individuals

20              with disabilities. 42 U.S.C. § 12183(a)(2).

21     47. Any business that provides parking spaces must provide a sufficient

22  number of handicap parking spaces. 1991 Standards § 4.1.2(5). 2010

23  Standards § 208. The required minimum number of handicap parking spaces

24  is dependent on the total number of parking spaces available. *Id.* According to

25  the 1991 Standards, if a parking lot has 1-25 spaces, it must have at least 1

26  accessible parking space. 1991 Standards § 4.1.2(5)(a). And 1 in every 8 of

27  those accessible parking spaces, but not less than 1, must be a "van" accessible

28  parking space, *i.e.*, having an eight foot access aisle. 1991 Standards §

Complaint

4.1.2(5)(b). Under the 2010 Standards, a parking lot with 1-25 spaces must have at least 1 accessible space and 1 of them must be van accessible. 2010 Standards § 208.2 & § 208.2.4.

48. Here, the failure to provide accessible parking spaces is a violation of the ADA.

49. In areas used for transactions where counters have cash registers and are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter which is at least 36 inches in length with a maximum height of 36 inches above the floor. 1991 Standards § 7.2(1). Under the 2010 Standards, where the approach to the sales or service counter is a parallel approach, such as in this case, there must be a portion of the sales counter that is no higher than 36 inches above the floor and 36 inches in width and must extend the same depth as the rest of the sales or service counter top. 2010 Standards § 904.4 & 904.4.1.

50. Here, no such accessible transaction counter or a lowered, 36 inch counter has been provided in violation of the ADA.

51. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

52. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

53. Given its location and options, plaintiff will continue to desire to patronize M & S Automotive but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

8

Complaint

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

54. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

55. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Cal. Civ. Code § 51(f), 52(a).)

56. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Cal. Civ. Code § 55.56(a)-(c).)

57. Although the plaintiff was markedly frustrated by facing discriminatory barriers and this frustration possibly qualifies as an emotional distress injury, even manifesting itself with minor and fleeting physical symptoms, the plaintiff does not value this very modest frustration and physical personal injury greater than the amount of the statutory damages.

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000.

Complaint

1      3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant

2  to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

3

4  Dated: December 27, 2016        CENTER FOR DISABILITY ACCESS

5

6                                  By: _____
                                   Russell Handy, Esq.
7                                  Attorneys for plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

Complaint